SLADE RHODES & COMPANY v. W. C. JAMES AND WIFE.

(Filed 21 September, 1927.)

**Agriculture—Liens—Advancements—Statutes—Overcharge—Reference—Evidence—Findings—Appeal and Error—Remand.**

In an action to recover the balance due a cropper for advancements made for the cultivation of the crop and to establish the lien provided by C. S., 2480, and referred, the referee found as a fact, that the advancements were in money, merchandise and fertilizer, that the plaintiffs had charged more than 10 per cent above the retail cash price for fertilizer of the same kind, and declared the statutory lien void under the

provisions of C. S., 2483: *Held*, the action of the trial judge was erroneous in the absence of evidence that such advance price had been charged for the fertilizer, or that if otherwise the lien would necessarily be void as to the other merchandise sold.

APPEAL by plaintiffs from *Nunn, J.,* at June Term, 1927, of MARTIN. Error and remanded.

Action to recover balance due on account for advancements, and to enforce liens executed by defendants in accordance with the provisions of C. S., 2480, to secure said advancements.

From judgment upon facts found by the referee, and in accordance with his conclusions of law thereon, plaintiffs appealed to the Supreme Court.

*B. A. Critcher and A. R. Dunning for plaintiffs.*
*No counsel for defendants.*

CONNOR, J. This action was referred, by consent, to a referee for trial. It was heard in the Superior Court upon the report of the referee. Exceptions to said report filed by plaintiffs were not sustained. The report was confirmed, and from judgment in accordance therewith, plaintiffs appealed to this Court.

The referee finds that defendants are indebted to plaintiffs in the sum of $354.53, with interest thereon from 1 November, 1925. This amount is the balance due on an account for advancements made by plaintiffs to defendants, during the year 1925, to enable defendants to cultivate and harvest crops upon their lands in Martin County during said year. There is no exception, by either plaintiffs or defendants, to the judgment, for that it is adjudged therein that plaintiffs recover of defendants said sum, interest and costs.

The referee finds that during the year 1925 defendants executed agricultural liens, in accordance with the provisions of C. S., 2480, to secure plaintiffs' account for said advancements. He further finds that plaintiffs charged defendants for fertilizer sold to them as part of said advancements, a price greater than 10 per cent above the cash price charged by plaintiffs for the same kind of fertilizer.

Upon said findings of fact the referee reported as his conclusion of law that the agricultural liens which plaintiffs seek to enforce by this action are null and void. C. S., 2481.

By their exception to the judgment confirming the report of the referee, and declaring that the agricultural liens executed by defendants are null and void, plaintiffs upon their appeal to this Court present their contentions (1) that there was no evidence to sustain the referee's

16—194

finding that plaintiffs have charged defendants more than 10 per cent above the cash price for fertilizer, and (2) that C. S., 2482, is unconstitutional.

Plaintiffs' first contention must be sustained. We find no evidence set out in the case on appeal as agreed upon by counsel for plaintiffs and defendants, which sustains the finding of the referee that plaintiffs have charged defendants for fertilizer advanced to them a price greater than 10 per cent above the cash price at which plaintiffs sold the same kind of fertilizer to cash customers at the same time this fertilizer was sold to defendants "on time." C. S., 2483. The only evidence offered at the trial before the referee was the testimony of Mr. Matthews, one of the plaintiffs. He testified that plaintiffs have not charged defendants for fertilizer advanced to them a price over 10 per cent above the cash price at which plaintiffs sold the same kind of fertilizer. There is no evidence that any sales of fertilizer were made by plaintiffs for cash at the same time and in the same quantity that the fertilizer was sold to defendants. Plaintiffs' exception to the referee's finding of fact No. 4 should have been sustained. There is error in the judgment in so far as it is ordered, adjudged and decreed therein that the liens executed by defendants are null and void.

If the referee's finding that plaintiffs have charged more than 10 per cent above the cash price for the same kind of fertilizer could be sustained, it would not follow that the liens are null and void. Advancements were made in money, merchandise and fertilizer. The statute provides that "if more than 10 per cent over the retail cash price is charged on any advances made under the lien or mortgage given on the crop, then the lien or mortgage shall be null and void *as to the article or articles upon which such overcharge is made.*" In the absence of a finding that the balance due is for fertilizer only, the lien would not be null and void, under the language of the statute. The referee finds that there is a balance due on the account for advancements made in money, merchandise and fertilizer. There is no finding that the balance due is for fertilizer only. It was error, therefore, to declare the liens null and void. In any event, the liens are valid with respect to advancements other than fertilizers.

It is not necessary for us to consider and pass upon plaintiffs' second contention, to wit, that C. S., 2482, is unconstitutional. No authorities are cited in appellant's brief in support of this contention; nor were we favored by oral argument upon the call of this case.

The action is remanded in order that the value of the crops seized by the sheriff and replevied by the defendants may be determined. No final judgment can be rendered until such value has been determined.

Error and remanded.